IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

NANCY DEMARCUS,

    Plaintiff,

v.                                               CASE NO.:

WEST FLORIDA - MHT, LLC d/b/a
TAMPA MEMORIAL HOSPITAL,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NANCY DEMARCUS ("Plaintiff"), by and through undersigned counsel, brings this action against Defendant, WEST FLORIDA - MH, LLC d/b/a TAMPA MEMORIAL HOSPITAL ("Defendant"), and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages in excess of $30,000, exclusive of interest, fees, and costs, and for declaratory relief, for violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C § 621 *et seq.* and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 *et seq.*

2. Venue is proper in Hillsborough County, Florida because all of the events giving rise to these claims occurred in this County.

## PARTIES

3. Plaintiff is a resident of Tampa, Hillsborough County, Florida.

4. Defendant operates a medical facility in Tampa, Hillsborough County, Florida.

## GENERAL ALLEGATIONS

5. Plaintiff has satisfied all conditions precedent, or they have been waived.

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

8. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADEA and the FCRA.

9. At all times material hereto, Defendant employed twenty (20) or more employees. Thus, Defendant is an "employer" within the meaning of the ADEA and the FCRA.

## FACTS

10. Plaintiff is an individual over forty (40) years of age.

11. Thus, Plaintiff is a member of a protected class, and as such, benefits from the protections of the ADEA and the FCRA.

12. Plaintiff began working for Defendant on or about September 2019 as a Case Management Supervisor, and she worked in this capacity until on or about November 2019.

13. During her tenure with Defendant, Plaintiff satisfactorily performed the duties of her position in a competent manner. Nevertheless, Defendant subjected Plaintiff to different terms of employment because of age and retaliated against her because of her complaints about age discrimination by terminating her employment on or about November 2019.

14. During her employment with Defendant, Plaintiff's supervisor, Juliet Jones, subjected Plaintiff to different terms and conditions of employment by setting Plaintiff up for failure to ensure Plaintiff did not get the adequate training she needed to successfully fulfil her duties. Defendant did not treat similarly-situated employees under forty (40) in this manner and gave them all the tools and training they needed to succeed.

15. Additionally, while Defendant treated similarly-situated employees under forty (40) years of age with more professional courtesy and gave them the tools they needed to accomplish their tasks, Defendant instead subjected Plaintiff to a variety of derogatory remark that were intended to shame, embarrass, and ridicule Plaintiff because of her age. For instance, Ms. Jones told Plaintiff that another, younger manager of Defendants, could've "run circles" around Plaintiff. Ms. Jones set Plaintiff up for failure by failing to provide all the necessary information to perform her duties.

16. For instance, Defendant's supervisor, Juliet Jones, would frequently call Plaintiff dumb and slow.

17. Finally, on or about Friday, November 8, 2019, Plaintiff complained about the disparate treatment that was receiving based on her age and made a formal complaint to Defendant's Human Resources ("HR") department about the discrimination Defendant subjected Plaintiff to on a regular basis as a result of Plaintiff's age.

18. On Monday, Defendant retaliated against her because of her complaints about age discrimination by suspending her from work.

19. Defendant further retaliated against Plaintiff by terminating her employment just a few days later on or about November 2019. Juliet Jones informed Plaintiff that she was terminating her employment because she was too "slow". Once again, Defendant made another derogatory comment about Plaintiff's age and plainly told her that she was being fired because of her age.

## **COUNT I – ADEA VIOLATION**

20. Plaintiff realleges and readopts the allegations of paragraphs 1 through 19 of this Complaint, as though fully set forth herein.

21. As an individual who is over forty years of age, Plaintiff is a member of a protected class under the ADEA.

22. Plaintiff was subjected to disparate treatment based on her age.

23. Defendant's actions were willful and done with malice.

24. Plaintiff was injured due to Defendant's violations of the ADEA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    (a) A jury trial on all issues so triable;

    (b) That process issue and that this Court take jurisdiction over the case;

    (c) An injunction restraining continued violation of the ADEA;

    (d) Compensation for lost wages, benefits, and other remuneration;

    (e) Reinstatement of Plaintiff to a position comparable to her prior position with back pay plus interest, or in the alternative, front pay;

    (f) Liquidated damages in an amount equal to Plaintiff's total damages;

    (g) Prejudgment interest on all monetary recovery obtained.

    (h) All costs and attorney's fees incurred in prosecuting these claims; and

    (i) For such further relief as this Court deems just and equitable.

## COUNT II – ADEA RETALIATION

25. Plaintiff realleges and readopts the allegations of paragraphs 1 through 19 of this Complaint, as though fully set forth herein.

26. As an individual who is over forty years of age, Plaintiff is a member of a protected class under the ADEA.

27.     Plaintiff engaged in protected activity under the ADEA by objecting to the disparate and discriminatory treatment Defendant subjected her to because of her age.

28.     Defendant retaliated against Plaintiff for engaging in protected activity under the ADEA by terminating Plaintiff's employment on or about November 2019.

29.     Defendant's actions were willful and done with malice.

30.     In, Defendant took material adverse action against Plaintiff.

31.     Plaintiff was injured due to Defendant's violations of the ADEA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a)     A jury trial on all issues so triable;

(b)     That process issue and that this Court take jurisdiction over the case;

(c)     An injunction restraining continued violation of the ADEA;

(d)     Compensation for lost wages, benefits, and other remuneration;

(e)     Reinstatement of Plaintiff to a position comparable to her prior position with back pay, or in the alternative, front pay;

(f)     Liquidated damages in an amount equal to Plaintiff's total damages;

(g)     Prejudgment interest on all monetary recovery obtained.

(h)     All costs and attorney's fees incurred in prosecuting these claims; and

(i)     For such further relief as this Court deems just and equitable.

### COUNT III – FCRA VIOLATION
### (DISCRIMINATION)

32.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 19 of this Complaint, as though fully set forth herein.

33.     Plaintiff is a member of a protected class under the FCRA.

34. Plaintiff was subjected to disparate treatment on account of her age as a result of Defendant's aforementioned conduct.

35. Defendant's actions were willful and done with malice.

36. Plaintiff was injured due to Defendant's violations of the FCRA, for which she is entitled to relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and this Court take jurisdiction over the case;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(e) Any other compensatory damages, including emotional distress, allowable at law;

(f) Punitive damages;

(g) Prejudgment interest on all monetary recovery obtained.

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA RETALIATION

37. Plaintiff realleges and readopts the allegations of paragraphs 1 through 19 of this Complaint, as though fully set forth herein.

38. Plaintiff is a member of a protected class under the FCRA.

39. Plaintiff engaged in protected activity under the FCRA because she objected to the disparate and discriminatory treatment Defendant subjected Plaintiff to because of her age.

- 7 -

40. Defendant retaliated against Plaintiff for engaging in protected activity under the ADEA by terminating Plaintiff's employment on or about November 2019.

41. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment on or about November 2019.

42. Defendant's actions were willful and done with malice.

43. By terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

44. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits;

(f) Front pay;

(g) Any other compensatory damages, including emotional distress, allowable at law;

(h) Punitive damages;

(i) Prejudgment interest on all monetary recovery obtained.

(j) All costs and attorney's fees incurred in prosecuting these claims; and

- 8 -

    (k)    For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 14th day of April, 2020.

    Respectfully submitted,

    */s/ Patrick K. Elliott*
    **PATRICK K. ELLIOTT**
    Florida. Bar Number: 1000970
    **THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC**
    100 S. Ashley Drive, Suite 600
    Tampa, FL 33602
    Direct Dial: (813) 379-3090
    Facsimile:  (813) 433-5126
    Email: elliottp@employmentandconsumerlaw.com
    Email: assistant@employmentandconsumerlaw.com
    ***Attorney for Plaintiff***